In case, the plaintiff declared: Quod cum fuit tali die, etc., et adhucest seized of the manor of Winston, et quod infra manerium predict. talishabebatur consuetud., etc., quod quilibet tenens liber manerii predicti
should pay such a sum on every alienation pro relevio, as the annual amount of his land should amount to, etc., and one Smith being tenant, and seized of such land, and holding it of the plaintiff, as of his manor of Winston,per fidelitatem sectae cur. ad 5s. rent per ann. et pro relevio secundumconsuetud. manerii quando acciderit: the said Smith devised this land to one Haviland and his heirs, who entered and was seized, and the said Haviland enfeoffed the now defendant, etc., and afterwards, at such time and place, there was a conference between the plaintiff and the defendant; and the plaintiff showed the defendant that there were two reliefs due him, on the alienations aforesaid, and 20 years rent; and he told him that if he would not pay them he would sue him per debitum legis cursum; whereupon the defendant, ad tunc et ibidem, etc., took upon himself to pay the said reliefs and rents, if the plaintiff would make it appear to such a one, and such a one of his brethren, at the next court of said manor, that the land was charged with the rent, and that the reliefs were due; and that if the plaintiff would forbear suing him in the meanwhile, he would pay, etc. And the plaintiff further says that, at the next court, etc., presentatum fuitper homagium, etc., that the said land was charged with the said rent, that it was 20 years in arrears; and he showed to the brethren of the defendant, etc., Et quod fecit apparere fratribus predictis per ostentionem rot. cur., etc., that the reliefs were due, yet the defendant, promisionem suam minimecurans, *Page 722 
etc., has not paid. On a nihil dicit a *writ of inquiry was awarded.Calthrop moved in arrest of judgment.
1. Et quilibet tenens had used to pay time out of mind, which cannot be, for every tenant is mortal, and did not exist time out of mind. Sed nonallocatur.
2. He alleged that he made it appear to the defendant's brethren that the reliefs were due per rotulos cur., and does not show the rolls. 22 E., 4; Lite's case. Obligation to make sufficient discharge; it is not well to say that he made sufficient discharge.
CURIA. This has been heretofore overruled. Non allocatur.
3. It is here a relief by custom, and it is not alleged that distress is incident to it; and therefore one cannot distrain for it, no more than for an heriot custom, for which there is no distress unless by custom. 11 Rep.,Godfrey's case. And if there be no distress for it, the relief due on the first alienation cannot by any means be demandable from the second alienee; and a custom shall not be extended further than it is alleged.
CURIA. This is the point on which we advised last term.
Relief is properly on the death of the tenant, and is no service, but something incident to it, which the lord cannot bar himself of by any special custom. And we improperly call that a relief which is due on alienation. And this is in two manners. (1) By custom, and then without a custom, distress is not incident thereto. (2) By reservation, and then it is a service, and distress is incident to it de communi jure. And although it is called a relief it is revera a service, and it is by relief because it is due on a death. 3 E., 3, 13.
Herle. As to the pleadings. It is particularly alleged that Smith holds by fealty, suit, rent, and relief cum acciderit; and the words secundumconsuetued. refer to the words cum acciderit. The statute of Magna Charta, in speaking of reliefs, says secundum consuetued. feodi; but this is not to be understood of the particular custom of each fee. Yet if it were insufficiently pleaded, the defect is cured by the nihil dicit, which is confessing in law that he made it appear that it was due.